IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rebecca Oliver,

    Plaintiff,

v.                                           Case No. 2:07-cv-0625

Michael J. Astrue,                   JUDGE SARGUS
Commissioner of Social Security,

    Defendant.

## ORDER

This social security case is before the Court to consider the Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. The Commissioner has opposed the motion. For the following reasons, the motion will be denied.

The Equal Access to Justice Act is found at 28 U.S.C. §2412. It provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The parties seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also show the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The Court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.

Here, the Commissioner does not dispute the fact that plaintiff was the prevailing party in this case, having obtained a remand under 42 U.S.C. §405(g), sentence four, or that the application was timely filed. Thus, the only question is whether the position of the Commissioner taken in this litigation was "substantially justified."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

As noted in the Court's order of September 30, 2008, adopting the Report and Recommendation filed by the Magistrate Judge, the Commissioner had found that plaintiff suffers from an anxiety disorder which is "severe" within the meaning of the Social Security Act (i.e. it imposes some significant limitation on the plaintiff's ability to perform work-related activities), although the condition was of only mild, rather than moderate, severity. Based on this finding, the Commissioner limited plaintiff to work in an environment without rigid deadlines or high production standards, concluding that these limitations would accommodate plaintiff's anxiety disorder. The Commissioner did not find that plaintiff was restricted from working around the public or relating to supervisors or co-workers, all of which activities fall within the area of social functioning. The Magistrate Judge concluded:

> The only accommodation made to plaintiff's anxiety disorder was limiting her to
> work in an environment without rigid deadlines or high production standards.
> While this limitation may be designed to alleviate certain types of job stress, it
> does not address any inadequacies in social functioning. A job environment
> without rigid deadlines or high production standards may still involve high levels
> of interaction with the public, with supervisors, or with co-workers. In short, it is
> inconsistent for the Commissioner to have found, on the one hand, severe mental
> impairments that have some measurable impact on plaintiff's ability to work
> around or relate to others, and, on the other hand, not to reflect this impact in
> either the residual functional capacity finding which was made, or in the
> hypothetical question posed to the vocational expert.

Report and Recommendation, at 6-7. The Court agreed with this conclusion in sustaining plaintiff's statement of errors in part and ordering a sentence four remand.

The Commissioner argued, both in the response to the statement of errors and in objections to the Report and Recommendation, that the plaintiff's anxiety disorder was characterized as Dr. Tanley as mild, and that the restriction to work without rigid deadlines or high production standards was reasonably related to the limitations imposed by a mild anxiety disorder. This argument ultimately proved unavailing, but it did not lack some reasonable basis in the record. The state agency reviewer who examined plaintiff's mental health records did not identify additional restrictions, commenting only that plaintiff could work well with instructions and on tasks that were not detailed. She had a fifteen-year history of employment that did involve some level of interaction with supervisors and the public. Although the Court ultimately decided that the record needed to be clarified concerning the apparent inconsistency between the finding of a "severe" anxiety disorder and the lack of any limitations imposed on plaintiff's dealings with others in the workplace, the Commissioner had a reasonable basis for arguing that the record did not require a finding of those specific mental limitations, as opposed to the other functional limitations that the Commissioner found to have arisen from plaintiff's anxiety disorder. Further, as the Commissioner notes, plaintiff's other assignment of error was found to be without merit. For all of these reasons, the Court concludes that the Commissioner has satisfied the burden of demonstrating that the Commissioner's litigation position was "substantially justified" within the meaning of the EAJA.

For the foregoing reasons, plaintiff's motion for an award of fees under the Equal Access

to Justice Act (#18) is **DENIED**.

Date: 2-12-2009

_____
Edmund A. Sargus, Jr.
United States District Judge